IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LAJAUN CLEMONS,**

          **Petitioner,**

      v.                                     CASE NO. 07-3054-SAC

**STATE OF KANSAS,**

          **Respondent.**

### O R D E R

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2254. The court grants petitioner's motion for leave to proceed in forma pauperis in this matter.

In 1995, petitioner was convicted in Leavenworth County District Court of murder for the 1993 death of a prison guard, and of aggravated battery of another law enforcement officer. The Supreme Court affirmed petitioner's conviction and the imposition of a "hard 40" sentence. State v. Clemons, 261 Kan. 66 (1996). While his direct appeal was pending, petitioner was transferred out of Kansas and housed in a federal facility.

Petitioner states he sought post-conviction relief in December 1997, alleging he was denied a speedy trial under the Interstate Agreement on Detainers Act (IADA), and the effective assistance of counsel who failed to call an alibi witness. Petitioner also challenged the sufficiency of the evidence supporting his conviction and sentence. The state district court conducted an evidentiary

hearing and denied petitioner's motion in August 2002. The Kansas Court of Appeals affirmed that decision in an unpublished opinion dated April 2, 2004. <u>Clemons v. State</u>, 86 P.3d 1026, 2004 WL 720142 (April 24, 2004)(Appeal No. 90852, unpublished). On May 7, 2004, the Kansas Supreme Court denied petitioner's motion for leave for file a petition for review out of time.

It appears petitioner again sought post-conviction relief in July 2004, by filing an original habeas corpus petition in the Kansas Supreme Court. The state supreme court summarily transferred the matter to the state district court that same month. Little information about this petition is provided, other than petitioner's understanding that he fully "exhausted state court remedies for federal purposes." (Doc. 1, p.19).

And finally, it appears petition filed a second motion in his post-conviction appeal in February 2006 to file a petition for review out of time. The Kansas Supreme Court denied that motion on March 29, 2006.

Approximately one year later, and more than two years after petitioner's post-conviction appeal became final, petitioner filed the instant petition alleging error in the imposition of his "hard 40" sentence, and claiming he was denied a speedy trial under the IADA. Petitioner further claims he was denied a fair trial by the prosecutor's knowing use of perjured testimony by state witnesses, by his trial attorney's failure to impeach witnesses based on their inconsistent testimony and failure to investigate numerous potential alibi witnesses, and by the admission of tainted inadmissible

evidence.  Petitioner also claims he was denied a fair and impartial hearing in his post-conviction proceeding when it was bifurcated and he was not transported back to Kansas to appear as a witness.

## TIMELINESS OF THE PETITION

As amended by the Antiterrorism and Effective Death Penalty Act in 1996, a one year limitation period applies to habeas corpus petitions filed by prisoners confined pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1).  The running of that one year limitation period is subject to statutory tolling if petitioner pursues state post-conviction relief or other collateral review. See 28 U.S.C. § 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

Applying these statutes to the dates provided by petitioner in his application, the court finds this matter is subject to being dismissed because it is time barred.  *See* <u>Jackson v. Sec. for Dept. of Corrections</u>, 292 F.3d 1347 (11th Cir. 2002)(joining other circuits in holding that district court has discretion to review sua sponte the timeliness of a § 2254 petition even though the statute of limitations is an affirmative defense).

Petitioner's conviction became final for the purpose of starting the running of the one year limitation period in March 1997, when the time expired for seeking certiorari review by the United States Supreme Court.  28 U.S.C. § 2244(d)(1)(A). Petitioner's pursuit of post-conviction relief over a period of seven years is far from clear, but even if the court were to assume

3

statutory tolling of limitation period from December 1997 (when petitioner first sought post-conviction relief in the state district court) through July 2004 (when the Kansas Supreme Court summarily transferred petitioner's original habeas corpus petition to the district court), the three months remaining in the § 2244(d)(1) limitation period clearly expired prior to petitioner's filing of the instant action in March 2007.[1]

While the § 2244(d)(1) limitation period is also subject to equitable tolling, such equitable relief is recognized only in "rare and exceptional circumstances," such as "when an adversary's conduct-or other uncontrollable circumstances-prevents a prisoner from timely filing." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Equitable tolling also requires a showing of due diligence, where the petitioner alleges "with specificity" the steps he took in diligently pursuing his federal claims," Yang v. Archuleta, 525 F.3d 925, 930 (10th Cir. 2008). Neither showing is evident on the face of the record.

Here, petitioner maintains his transfer to federal custody outside the State of Kansas in 1996 during his direct appeal prevented him being aware he was represented by appointed counsel in

---

[1] Petitioner's 2006 motion to the Kansas Supreme Court, seeking leave a second time to file a petition for review out of time in his post-conviction appeal, entitles petitioner to no additional tolling because petitioner filed this motion after the § 2244(d)(1) limitation period had expired. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(application for post-conviction relief in state court filed after expiration of § 2244(d)(1) one-year limitation period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002).

that appeal, and states his lack of Kansas resources and legal documents prevented him from participating in any legal challenge regarding his conviction and sentence until October 2006 when he finally acquired portions of his trial transcript. On the face of the record, however, this is insufficient to demonstrate either extraordinary circumstances or the due diligence necessary to warrant equitable tolling. *See* Yang, 525 F.3d at 928 (to equitably toll the 28 U.S.C. § 2244(d) limitation period, a petitioner bears the burden of establishing both extraordinary circumstances and due diligence).

Petitioner broadly claims he did not have a copy of some or all of his criminal trial transcript for ten years, but fails to account for his initiation and pursuit of post-conviction relief during that time span, or identify any ground he was prevented from raising because he did not obtain an earlier copy of the transcript. Nor is petitioner's general reference to informal requests to state court judges and appointed attorneys for assistance in obtaining a copy of his trial transcript adequate to specifically detail and demonstrate petitioner's diligence in pursuing federal habeas corpus relief once the denial of state post-conviction relief became final and approximately three months remained in the § 2244(d)(1) limitation period.

## SHOW CAUSE ORDER TO PETITIONER

For these reasons, the court directs petitioner to show cause why the petition should not be dismissed as time barred. The failure to file a timely response may result in the petition being

5

dismissed as time barred without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that petitioner is granted thirty (30) days to show cause why the petition for a writ of habeas corpus under 28 U.S.C. § 2254 should not be dismissed as time barred.

**IT IS SO ORDERED.**

DATED: This 14th day of October 2009 at Topeka, Kansas.

   s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge