IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAJAUN CLEMONS,

                Petitioner,

     v.                                    CASE NO. 07-3054-SAC

STATE OF KANSAS,

                Respondent.

**MEMORANDUM AND ORDER**

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus under 28 U.S.C. § 2254, seeking federal habeas corpus relief on allegations of constitutional error in his 1995 conviction for the murder of a prison guard and aggravated battery of another law enforcement officer.

By an order dated October 14, 2009, the court directed petitioner to show cause why the petition should not be dismissed as time barred. *See* 28 U.S.C. § 2244(d)(1)(a one year limitation period applies to habeas corpus petitions filed by prisoners confined pursuant to a state court judgment). Having reviewed petitioner's supplemented response,[1] the court dismisses the petition as time barred.

It remains clear that petitioner did not file this habeas application within the one year limitation period imposed by 28

---

[1] Petitioner's motion (Doc. 5) to supplement his response is granted.

U.S.C. § 2244(d). Although petitioner cites other provisions in § 2244(d)(1) for when that limitation period could begin counting, the court finds no statutory basis applies in this case but for 2244(d)(1)(A),[2] the date petitioner's conviction became final in March 1997 upon expiration of his direct appeal. *See* State v. Clemons, 261 Kan. 66 (1996)(affirming petitioner's conviction and hard 40 sentence). And although petitioner's response somewhat clarifies his post-conviction history to suggest tolling, if assumed by the court, of the one year limitation period under § 2244(d)(2) might extend from December 1997 (when petitioner first sought post-conviction relief in the state district court) through March 29, 2006 (when the Kansas Supreme Court denied petitioner's attorney leave to file a petition for review out of time), the three months remaining in the one year limitation period still expired prior to petitioner's filing of the instant petition in March 2007.

The court also continues to find no basis has been demonstrated for equitably tolling the federal limitation period.

Petitioner attempts to establish extraordinary circumstances for his delayed filing by reasserting his innocence, and by recounting allegations of trial counsel's ineffectiveness in failing

---

[2] In particular, the court finds no factual basis for application of 28 U.S.C. § 2244(d)(1)(B) in this case. Petitioner generally points to court rulings and the circumstances of confinement of a prisoner convicted of killing a guard as interfering with his ability to pursue his claim of being denied the effective assistance of counsel. This is insufficient to establish any State action in violation of federal law that prevented petitioner from filing, or the date any such unlawful State created impediment was removed.

to adequately investigate the crime scene and pursue potential alibi witnesses. Petitioner also cites his incarceration in Florida without Kansas legal resources, and his reluctance to pursue legal assistance out of a fear of violent retaliation if targeted as someone convicted of killing a prison guard.

To further address the difficulties of his situation and the steps he took following the Kansas Supreme Court's denial on March 29, 2006, of his second motion for leave to file a petition for review out of time, petitioner cites: (1) his May 2006 letter to the federal court clerk requesting forms for filing a 2254 petition and a motion for seeking leave to proceed in forma pauperis, which routinely would have resulted in said forms being sent to petitioner; (2) his request to Legal Services for Prisoners which resulted in a May 2006 letter providing information regarding petitioner's "Hard 40" sentence, directing petitioner to review the time limitation on his filing of a 2254 petition in federal court, and telling petitioner there was no one in Kansas who could help him prepare a 2254 petition; (3) his letter to Legal Services for Prisoners which resulted in a July 2006 letter advising petitioner on how to obtain trial transcripts and providing additional information about the federal limitation period for filing a 2254 petition; (4) his application to the Paul E. Wilson Defender Project, which resulted in an October 2006 letter denying assistance and voicing concern that petitioner would be time barred from seeking federal habeas corpus relief; and (5) his request to the Leavenworth District Court clerk's office which resulted in an

3

August 2009 response stating the district court does not provide paperwork for filing in that court, and directing petitioner to prepare the paperwork himself.

Equitable tolling of the § 2244(d)(1) limitation period is recognized only in "rare and exceptional circumstances," such as "when an adversary's conduct-or other uncontrollable circumstances-prevents a prisoner from timely filing." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Equitable tolling also requires a showing of due diligence, where the petitioner alleges "with specificity" the steps he took in diligently pursuing his federal claims," Yang v. Archuleta, 525 F.3d 925, 930 (10th Cir. 2008). The court continues to find neither showing is made in this case.

Accordingly, for the reasons stated herein and in the show cause order entered on October 14, 2009, the court concludes the petition should be dismissed.

IT IS THEREFORE ORDERED that petitioner's motion (Doc. 5) for leave to supplement his response to the October 14, 2009, show cause order is granted.

IT IS FURTHER ORDERED that the petition is dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 7th day of December 2009 at Topeka, Kansas.

                                                  s/ Sam A. Crow  
                                                  SAM A. CROW  
                                                  U.S. Senior District Judge